UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00094-GNS-HBB

MICHAEL DALE AUGENSTEIN                                                                            PLAINTIFF

v.

MILBANK INSURANCE COMPANY                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 65). The motion is ripe for adjudication.

### I.    BACKGROUND

Plaintiff Michael Dale Augenstein ("Augenstein") brought this action asserting claims for breach of contract, and common law and statutory bad faith under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") arising from a claim asserted under his homeowner's insurance policy (the "Policy") issued by Defendant Milbank Insurance Company ("Milbank") (improperly named as State Auto Insurance Companies). (Am. Compl. ¶¶ 1-2, 18-31, DN 34). The causes of action arise from Milbank's denial of Augenstein's insurance claim following a fire, theft, and vandalism at his residence (the "Property") located in Bowling Green, Kentucky. (Am. Compl. ¶¶ 3-17).

After the issues of coverage and bad faith were bifurcated, the parties proceeded to conduct discovery on the coverage issues. (Agreed Order 1, DN 16). On August 22, 2025, the Court granted Milbank's partial motion for summary judgment and held that the insured property was vacant at the time of loss and Augenstein had failed to provide timely proof of loss. (Mem.

Op. & Order 3-11, DN 63). Milbank has now moved for summary judgment on the Augenstein's common law and statutory bad faith claims. (Def.'s Mot. Summ. J., DN 65).

## II.     JURISDICTION

Jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. (Notice Removal 2-3, DN 1).

## III.     STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party moving for summary judgment may satisfy its burden [of] show[ing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case . . . .'" *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim. *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply

show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). "The mere existence of a scintilla of evidence in support of the [moving party's] position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the [moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION[1]

Milbank asserts that it is entitled to summary judgment on Augenstein's bad faith claims based on the Court's prior decision that there was no coverage for his loss. (Def.'s Mem. Supp. Mot. Partial Summ. J. 10-19, DN 65-1). Augenstein has failed to respond to the motion, which would warrant the granting of the motion. *See* LR 7.1(c); *McKinney v. Robert Bosch, LLC*, No. 3:20-CV-677-BJB-RSE, 2022 WL 36925, at *1 (W.D. Ky. Jan. 4, 2022) ("When an opposing party fails to respond to a motion to dismiss, courts may deem the motion unopposed and grant it on that basis." (citation omitted)).

In *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court outlined the requirements to prove a bad faith claim:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.* at 890 (internal quotation marks omitted) (citation omitted). These elements apply to both common law and statutory bad faith claims. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (citing *Wittmer*, 864 S.W.2d at 890) (noting that the *Wittmer* test applies to

---

[1] Because the Policy was issued in Kentucky for a Kentucky residence, this Court will apply Kentucky law in its interpretation. *See Great Am. Ins. Co. of N.Y. v. Brock Constr. Co.*, No. 05-569-KKC, 2007 WL 2844945, at *2 (E.D. Ky. Sept. 28, 2007).

bad faith claims "whether premised upon common law theory or a statutory violation"). As the Kentucky Supreme Court has noted, "a plaintiff has a 'steep burden' of satisfying [the *Wittmer* test] . . . ." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 584 (Ky. 2021).

To satisfy the first prong, Augenstein has to prove that Milbank was "obligated to pay the claim under the terms of the policy . . . ." *Wittmer*, 864 S.W.2d at 890. "To be clear, an *obligation to pay* requires proof that the insured's policy requires the insurer to pay, not that there is liability under the contract . . . ." *Mosley*, 626 S.W.3d at 585-86 (citation omitted). Because this Court has previously ruled that Augenstein lacked coverage for his loss under the Policy, Milbank had no obligation to pay him. Therefore, Augenstein cannot satisfy the first prong of the *Wittmer* test, and Milbank is entitled to summary judgment on his bad faith claims.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DN 65) is **GRANTED**, and Plaintiff's bad faith claims are **DISMISSED WITH PREJUDICE**.

2. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 30, 2025

cc: counsel of record